IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHEPARD AND ASSOCIATES, INC., et al., | CASE NO. 1:20-CV-02488 |
| Plaintiffs, | JUDGE PAMELA A. BARKER |
| -vs- | |
| LOKRING TECHNOLOGY, LLC, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

This matter comes before the Court upon the Motion to Strike Paragraphs 90 and 91 of Defendant's Counterclaim ("Motion to Strike") filed by Plaintiffs Shepard and Associates, Inc., doing business as Lokring Southwest Company ("Southwest"), and Brad Shepard (collectively, "Plaintiffs"). (Doc. No. 19.) Defendant Lokring Technology, LLC ("Lokring") filed a brief in opposition to Plaintiffs' Motion to Strike on April 13, 2021, to which Plaintiffs replied on April 15, 2021. (Doc. Nos. 23, 25.) For the following reasons, Plaintiffs' Motion to Strike (Doc. No. 19) is DENIED.

I.   Background

On November 12, 2020, Plaintiffs filed an Amended Complaint against Lokring, setting forth several causes of action largely based on Lokring's allegedly wrongful termination of a Distributor Agreement between Lokring and Southwest, which terminated Southwest's status as an exclusive distributor for Lokring. (Doc. No. 5.) In response, Lokring filed a Motion to Dismiss, which the Court granted in part and denied in part. (Doc. No. 13.) Lokring then filed an Answer and

Counterclaim in which Lokring answered the remaining counts of Plaintiffs' Amended Complaint and set forth several counterclaims against Plaintiffs. (Doc. No. 17.)

In its Counterclaim, Lokring alleges that Plaintiffs breached the Distributor Agreement by, among other things, failing to return the inventory that they had in their possession after the termination of the Distributor Agreement. (Doc. No. 17 at ¶¶ 58, 69-70, 98, 102.) Lokring also included the following allegations regarding its attempts to obtain the return of its inventory from Plaintiffs:

> 90. On March 22, 2021, Lokring sought to resolve Plaintiffs' continued failure to return the inventory and tooling, a condition precedent to consideration under the EDA, taking into account the totality of damages due and owing the former, by asking if Plaintiffs would return same to forego injunctive relief.
>
> 91. Plaintiffs responded that a convenient date for the return of inventory would be March 29, 2021, to which Lokring agreed. Accordingly, Lokring anticipates Plaintiffs will uphold the precondition that the inventory and tools be returned prior to any expectation of payment, thus mitigating damages resulting from Plaintiffs' failure to comply with said condition.

(*Id.* at ¶¶ 90-91.)

The discussions between the parties regarding the return of Lokring's inventory ended up breaking down, and, on March 31, 2021, Lokring filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Sanctions, seeking a Court order requiring the return of its inventory. (Doc. No. 18.) Ultimately, however, on the day of the hearing on Lokring's Motion, the parties were able to reach an agreement as to Plaintiffs' return of the inventory, which was placed on the record before the Court. (Doc. No. 22.)

On April 1, 2021, Plaintiffs filed the Motion to Strike currently under consideration in which they assert that Paragraphs 90 and 91 of Lokring's Counterclaim quoted above include improper allegations regarding settlement negotiations and should be stricken pursuant to Fed. R. Civ. P. 12(f).

2

(Doc. No. 19.)  Lokring filed a brief in opposition to Plaintiffs' Motion to Strike on April 13, 2021, to which Plaintiffs replied on April 15, 2021.  (Doc. Nos. 23, 25.)

## II.   Standard of Review

Fed. R. Civ. P 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Motions to strike under Rule 12(f) are addressed to the sound discretion of the trial court."  *Chiancone v. City of Akron*, No. 5:11CV337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011).  However, such motions "are viewed with disfavor and are not frequently granted."  *Operating Engineers Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).  Indeed, the Sixth Circuit has previously indicated that "the action of striking a pleading should be sparingly used by the courts," "resorted to only when required for the purposes of justice," and "only when the pleading to be stricken has no possible relation to the controversy."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).  "On the other hand, motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'"  *United States v. Pretty Prod., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (quoting *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989)).

## III.   Analysis

In their Motion to Strike, Plaintiffs argue that the Court should strike Paragraphs 90 and 91 of Lokring's Counterclaim because they are immaterial to the resolution of this case and contain allegations regarding the parties' settlement negotiations that would not be admissible under Federal Rule of Evidence 408 ("Rule 408").  (Doc. No. 19.)  In opposition, Lokring contends that Rule 408

is inapplicable to the allegations in Paragraphs 90 and 91 and that the allegations are relevant to Plaintiffs' failure to mitigate damages and the issue of attorneys' fees and costs. (Doc. No. 23.) Upon review, the Court finds that striking Lokring's allegations is not warranted.

Although Rule 408 is a rule of evidence, courts have granted motions to strike when the factual allegations in pleadings would be inadmissible under the rule. *See, e.g.*, *Jones v. Metro. Life Ins. Co.*, No. C–08–03971–JW (DMR), 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010) ("[U]nder Federal Rule of Civil Procedure 12(f), courts have granted motions to strike references to settlement negotiations even at the pleadings stage of a case, on the basis that the contents of settlement discussions would otherwise be inadmissible under Federal Rule of Evidence 408 and are therefore immaterial and potentially prejudicial."); *U.S. ex rel. Alsaker v. CentraCare Health Sys., Inc.*, No. 99-106(JRTRLE), 2002 WL 1285089, at *2 (D. Minn. June 5, 2002) ("[C]ourts have routinely granted motions to strike allegations in pleadings that fall within the scope of Rule 408.").

In general, "Rule 408 prohibits the admission, for certain purposes, of offers to compromise along with any statement made during the course of such compromise negotiations." *Gjokaj v. United States Steel Corp.*, 700 F. App'x 494, 501 (6th Cir. 2017). Specifically, Rule 408 provides:

> (a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> > (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

>  (b) Exceptions.  The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.  Thus, "Rule 408 [is] inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim."  Fed. R. Evid. 408 Advisory Committee's Note to 2006 Amendment.

In accordance with this principle, numerous courts have held that settlement discussions may be considered in calculating an attorneys' fee award, which is unrelated to the amount or validity of a claim.  *See, e.g.*, *Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009) ("Rule 408 does not bar a court's consideration of settlement negotiations in its analysis of what constitutes a reasonable fee award in a particular case."); *Cummings Inc. v. BP Products N. Am., Inc.*, Nos. 3:06-0890, 3:07-0834, 2010 WL 796825, at *1 n.1 (M.D. Tenn. Mar. 3, 2010) ("While Rule 408 does prohibit the admission of settlement negotiation evidence 'offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount,' evidence of settlement negotiations is admissible for other purposes and, as Cummings points out, numerous courts have rejected the precise argument that the defendants advance here, that is, they find that a court may consider settlement discussions in calculating an attorneys' fee award."); *Smith v. Borough of Dunmore*, No. 3:05-CV-1343, 2008 WL 4542246, at *12 (M.D. Pa. Oct. 9, 2008) ("[E]vidence of settlement negotiations is not barred in an application for attorney's fees.  The evidence is not used to show liability or validity of a claim or amount.").

Here, Lokring points out that the Distributor Agreement provides that "[t]he prevailing party in any action brought by one party to this Agreement against the other and arising out of the interpretation or performance of this Agreement including, without limitation, actions to collect

amounts owed hereunder, shall be entitled, in addition to any other applicable rights and remedies, to reimbursement for its expenses, including court costs and reasonable attorney's fees." (Doc. No. 6-1 at 18.) Further, Lokring asserts that Plaintiffs' actions as alleged in Paragraphs 90 and 91 of its Counterclaim have contributed to its costs. (Doc. No. 23 at 2.) Even assuming, *arguendo*, that Paragraphs 90 and 91 contain allegations regarding compromise negotiations, the Court finds that Lokring's allegations are at least potentially relevant to an award of attorneys' fees and costs and would not be barred by Rule 408 if offered for this purpose. As a result, it is inappropriate to strike such allegations at this early stage of the litigation.[1]

### IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Strike (Doc. No. 19) is DENIED.

**IT IS SO ORDERED.**

Date: May 24, 2021

      s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] Accordingly, the Court need not address the parties' other arguments regarding the applicability of Rule 408 to Lokring's allegations and the allegations' relevance to Lokring's counterclaims.