IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEPARD AND ASSOCIATES, INC., et al.,

                       Plaintiffs,

-vs-

LOKRING TECHNOLOGY, LLC,

                       Defendant.

CASE NO. 1:20-CV-02488

JUDGE PAMELA A. BARKER

MEMORANDUM OF OPINION AND ORDER

On June 2, 2021, Defendant Lokring Technology, LLC ("Lokring") filed a Motion to Quash Deposition Subpoenas and Temporary Protective Order ("Lokring's Motion"). (Doc. No. 42.) Therein, Lokring requests that the Court quash subpoenas issued by Plaintiffs Shepard and Associates, Inc. and Brad Shepard (collectively, "Plaintiffs") for the depositions of two non-party witnesses and temporarily delay their depositions—which are currently scheduled to take place on June 3, 2021—via a protective order. (*Id.*) Plaintiffs have filed a brief in opposition to Lokring's Motion. (Doc. No. 44.) For the following reasons, Lokring's Motion (Doc. No. 42) is DENIED.

Lokring's Motion is made pursuant to Federal Rules of Civil Procedure 26 and 45. (Doc. No. 42 at 1.) Rule 26(c) authorizes the Court "for good cause" to issue a protective order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted). Rule 45(d)(3)(A) provides that the issuing court "must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical

limits specified in Rule 45(c)(2); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). In addition, a court may quash or modify a subpoena that requires the disclosure of a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(d)(3)(B).

Lokring has not established that a protective order is necessary or that quashing either subpoena is warranted. On May 17, 2021, Plaintiffs notified Lokring of its intent to depose both James Domingo and Rick Monreal on June 3, 2021. (Doc. No. 44-1.) Yet, Lokring waited until the day before the scheduled depositions to file its Motion or otherwise object. Lokring has had ample time to prepare for the depositions and the Court is unconvinced that the recent filing of Plaintiffs' Second Amended Complaint, which contains many of the same claims as the First Amended Complaint, justifies delaying either deposition. Nor has Lokring shown that the subpoenas fail to allow a reasonable time to comply, that either witness will suffer an undue burden as a result of the deposition, or even that Lokring has standing to raise such arguments on behalf of these non-party witnesses, who apparently have not objected and are willing to attend their depositions as scheduled. Finally, Lokring contends that the witnesses each have confidentiality agreements with Lokring that may prevent them from divulging Lokring's confidential information. However, Lokring has not produced those agreements, identified what type of information is protected, or shown that the agreements will preclude any impending testimony at the deposition. Indeed, Lokring merely speculates that an issue may arise regarding its confidential information.

Accordingly, for the reasons set forth above and for the reasons articulated in Plaintiffs' opposition to Lokring's Motion, the Court declines to either quash the subpoenas or issue a protective order. Lokring's Motion (Doc. No. 42) is DENIED.

**IT IS SO ORDERED.**

Date: June 3, 2021

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE