IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SHEPARD AND ASSOCIATES, INC.,** et al. | CASE NO. 1:20-cv-02488-PAB |
| **Plaintiffs,** -vs- | JUDGE PAMELA A. BARKER |
| **LOKRING TECHNOLOGY, LLC,** | MEMORANDUM OPINION AND ORDER |
| Defendant/Third-Party Plaintiff, | |
| -vs- | |
| **JARED GUIDRY and TUBE-MAC INDUSTRIES, INC.,** | |
| **Third-Party Defendants.** | |

Currently pending are two related motions: the Motion to Take Judicial Notice, filed by Defendant/Third-Party Plaintiff Lokring Technology, LLC ("Lokring") on November 23, 2021 (Doc. No. 140) ("Lokring's Motion"), and the Motion to Strike Lokring's Motion, filed by Third-Party Defendant Jared Guidry ("Guidry") on December 1, 2021 (Doc. No. 141) ("Guidry's Motion"). On December 1, 2021 Plaintiffs Shepard and Associates, Inc. and Brad Shepard ("Plaintiffs") filed an "Objection to Judicial Notice" (Doc. No. 143) and Third-Party Defendant Tube-Mac Industries, Inc. ("Tube-Mac") filed an Opposition to Lokring's Motion. (Doc. No. 144.) For the following reasons, Lokring's Motion is DENIED and Guidry's Motion is DENIED AS MOOT.

Lokring's Motion requests that the Court take judicial notice of an "Original Petition for Divorce" filed by Guidry's ex-wife, Kimberly Rich Guidry, on August 30, 2019 in the District Court of Harris County, Texas (the "Divorce Petition"). (Doc. No. 140 at PageID# 2131; *see also* Doc. No.

140-1.) Lokring argues that the Divorce Petition's contents are relevant for evaluating the credibility of Guidry's testimony in this case, particularly with regard to testimony heard at the Preliminary Injunction Hearing held over the course of six days from October 14-29, 2021, based on the Court's and parties' availability. (*See* Minutes of Proceedings at Doc. Nos. 117, 118-19, 120, 126-27.)

Lokring argues that "Guidry testified that the voluminous calls between himself and Plaintiff Brad Shepard from October 2020 through July 21, 2021, as set forth [in] Lokring's Exhibit BBB, were the result of the support [Shepard] was providing to Guidry, who is recovering from a drug addiction." (Doc. No. 140 at PageID# 2133.) Lokring highlights that Ms. Guidry did not check a box on the form Divorce Petition expressing any concern about the safety of her child with Mr. Guidry "when one such selection allowed for concerns to be expressed of and concerning alcohol or illegal drug use by the spouse." (*Id.* at PageID# 2131.) Lokring argues that "[o]ne could easily infer that if Guidry really suffered from a serious drug addiction, his now ex-spouse would have had concerns about it relative to Guidry's visitation with his pre-school age daughter." (*Id.* at PageID# 2132.) Accordingly, Lokring submits that the Court should take judicial notice of the Divorce Petition in that "it may cast doubt on the veracity of Guidry's testimony about the nature and subject matter of Guidry's 704 phone calls with Brad Shepard." (*Id.* at PageID# 2133.)

In Opposition, Plaintiffs argue that "judicial notice does not extend to the inferences Lokring propounds in its [M]otion," and that this is not a fact "which is not subject to reasonable dispute as required by Fed. R. Evid. 201(b)(2)." (Doc. No. 143 at PageID# 2169.) Plaintiffs and Tube-Mac further argue that the Divorce Petition is irrelevant and unnecessarily prejudicial under Fed. R. Evid. 401-403. (*Id.* at PageID#s 2169-70; Doc. No. 144 at PageID# 2173.)

According to Fed. R. Evid. 201(b), courts may judicially notice a "fact that is not subject to reasonable dispute" because it is either "generally known" within the court's territorial jurisdiction, or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *See also Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 579 (6th Cir. 2012) ("[O]nly facts that are 'not subject to reasonable dispute' may be judicially noticed"); *Johnson v. City of Kentwood*, No. 1:19-cv-834, 2020 WL 2610971, at *3 n.2 (W.D. Mich. May 22, 2020) ("Judicially-noticed facts must be reasonably accurate and not open to dispute," citing *Passa v. City of Columbus,* 123 F. App'x. 694, 697 (6th Cir. 2005)).

Additionally, judicial notice is limited. "[A] court may take notice of the documents and what they say, but it '[cannot] consider the statements contained in the document for the truth of the matter asserted.'" *Platt v. Bd. of Comm'rs on Grievs. & Discipline of Ohio Supreme Court*, 894 F.3d 235, 245 (6th Cir. 2018) (quoting *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014)). In other words, a court may take judicial notice of the document's existence but cannot take judicial notice of the document's substance. *Id.*; *see also Davis v. City of Clarksville*, 492 F. App'x. 572, 578 (6th Cir. 2012).

The Court declines to take judicial notice of the Divorce Petition. Lokring's Motion highlights the fact that Ms. Guidry did not check a box on a form Divorce Petition expressing any concern for her minor child's safety when the form allowed for her to identify potential concerns about the other parent's alcohol or drug use. (Doc. No. 140 at PageID# 2131; *see also* Doc. No. 140-1 at PageID# 2141.) Lokring argues that this omission on the Divorce Petition calls into question the credibility of Guidry's testimony regarding his phone calls with Brad Shepard. (*See* Doc. No. 140 at PageID#s 2133, 2135.)

3

However, the Court does not find the Divorce Petition to raise "a fact that is not subject to reasonable dispute." Fed. R. Civ. P. 201(b). While the Divorce Petition itself may be an authentic court record, Lokring's position for taking judicial notice of it requires inferences to be drawn about the contents of the document. Whatever inferences could be drawn from the 2019 Divorce Petition would then be used to theorize about the nature of the phone calls between Guidry and Shepard from October 2020 through July 2021. The Court declines to speculate as to what Ms. Guidry's intentions may have been in not checking a particular box indicating her possible concern over Guidry's alcohol or drug use. Therefore, the Court refrains from taking judicial notice of the Divorce Petition and denies Lokring's Motion. Moreover, because Guidry's Motion to Strike is directed to Lokring's Motion, the Court denies Guidry's Motion as moot.

For all the reasons set forth above, Lokring's Motion (Doc. No. 140) is DENIED and Guidry's Motion (Doc. No. 141) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: December 7, 2021

       s/Pamela A. Barker
PAMELA A. BARKER
U.S. DISTRICT JUDGE